JOHN WITTMOR to use, etc.,Defendant in Error, *vs.* EDWIN HASTINGS, *et al.*, Plaintiff in Error.

I. *Assignment for benefit of creditors—Execution will not lie in behalf of one creditor, when.—*A merchant being indebted to certain judgment creditors, and being in failing circumstances, turned over his merchandise to an agent to be sold, and the proceeds to be distributed *pro rata* among his creditors. Held, that if the proceedings were in good faith, the goods would not be subject to execution on behalf of one creditor to satisfy his own individual claim.

*Error to Cape Girardeau Court of Common Pleas.*

From the statement of defendant in Error, it appears that Houck did not claim to represent Hastings, Britton & Co., and that they took no part in the matter of the assignment, and were not represented in it, except that Houck agreed with Whitelaw, Garrett & Co., to see to it that H., B. & Co. should receive their *pro rata* share of the proceeds.

*Peacock & Colby*, for Plaintiff in Error.

Houck allowed Garrett to transfer the goods under the supposition that he would act for Hastings, Britton & Co., and he so accepted the goods, leaving such impression existing. If such be the fact, his attempted confinement of the proceeds to the debts that he represented, was a fraud on Hastings, Britton & Co., and Whitelaw & Garret.

*L. Houck*, for Defendant in Error.

I. It may be argued, that the delivery was to Houck as trustee. That proposition, however, cannot be maintained as a fact, because positively disproved by the evidence. Nor could Houck be considered a trustee in contemplation of law. An assignment in trust is distinguishable from an absolute sale in this: that in a sale the vendor parts with all his interest, but in an assignment the assignor retains a contingent resulting interest. (Burrell on Assign. 29 *et seq.*)

In this case Whitelaw & Garrett absolutely delivered the goods as a part payment, without any qualifications, to Houck as the agent and attorney of the parties for whose use this

suit was brought, and the goods were received in part payment of their judgments *pro rata*. The case of Keiler vs. Tutt, 31 Mo. 301, it would seem virtually settles this case-

II. But was the sale fraudulent as to Hastings, Britton & Co.? It is shown that Mr. Houck agreed that he would see that Hastings, Britton & Co., should also receive their *pro. rata* share. Does this show fraud? Does it not, on the contrary show that no attempt was made to over-reach this firm? The action in the premises of the representative of the parties for whose use this suit is brought, is respectfully submitted to this Court.

III. The sole purpose of all parties was to prevent the cost of issuing, levying, etc., eighteen executions. The stock of goods was small, and it is evident that the costs of so many executions would have eaten up a good portion of the proceeds and for that reason the goods were received in payment, just, as a sum of money would have been received in payment.

IV. The fact that Mr. Houck agreed to see to it that Hastings, Britton & Co. should receive their share of the proceeds of the goods is not denied, and if he had failed to pay them their *pro rata* amount, they certainly would have had an action.

V. But the learned attorney of Hastings, Britton & Co., although he disclaimed being attorney when interrogated by Mr. Garrett, and asked by Mr. Houck, and informed of the fact that some goods could be secured; as soon as the goods were delivered, he at once remembers that he is still attorney, and has an executon issued and levied, and in his own words, although after the levy, the proposition to allow Hastings, Britton & Co. pro rata was renewed, finally refused to assent.

VI. The *bona fides* of the whole transaction was passed upon by the jury.

WAGNER, Judge, delivered the Opinion of the Court.

We think there is no good objection to the action of the court in receiving the affidavits to prove the fact of partnership of the two firms. The criticism on their phraseology is altogether too refined; their meaning was sufficiently plain

and certain, and they abundantly answered the object for which they were introduced.

Upon the merits, the case was rightly decided.

The record shows that Whitelaw & Garrett were indebted to several parties who had judgments against them, and that they were unable to pay their debts ; that Houck, an attorney at law, represented all the creditors except Hastings, Britton & Co.

Whitelaw & Garrett were anxious to save costs, and to prevent a sacrifice of the small amount of goods they possessed, and they proposed to turn over to their creditors the goods they had on hand, and they were to be sold out and the proceeds divided *pro rata.*

Houck, who was the agent and intrusted with the sale of the goods, agreed also to give to Hastings, Britton & Co., their proportionate share. After the goods had been transferred and some of them sold, the attorney for Hastings, Britton & Co., caused an execution to be levied upon the remainder, and had them sold in satisfaction of their debt. The creditors to whom they were transferred and delivered claimed the goods from the officer who had them in his custody and to indemnify him Hastings, Britton & Co., gave a bond in accordance with the statute, and that bond is the foundation of this suit.

For the plaintiffs, the court instructed the jury that if they were satisfied from the evidence that Whitelaw & Garrett turned over in good faith the goods in question, to be a partial payment on the judgments of the parties for whose use the suit is brought, and that the goods were so received in good faith as a partial payment, then the goods were not subject to the execution of the defendants, and the verdict should be for the plaintiffs.

For the defendants the court declared the law to be, that before the jury could find for the plaintiffs, they must find from the evidence that the goods were transferred to the plaintiffs in payment *pro rata* of their claims without any condition whatever.

The question of the *bona fides* of the transactions was put to the jury, under instructions sufficiently favorable to the defendants.

The facts show that the property was taken possession of, that an invoice was made out, and an adequate consideration given.

Let the judgment be affirmed.　　The other judges concur.